UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK EDWARDS,

                 Plaintiff,

-against-

GREEN HAVEN C.F. HEARING OFFICER ERIC GUTWEIN; CORRECTION OFFICER MOREL,

                 Defendants.

ORDER OF SERVICE

21-CV-3183 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated in the Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 seeking damages as well as declaratory and injunctive relief. He sues Green Haven Correctional Facility Hearing Officer Eric Gutwein and Green Haven Correctional Officer Morel. Plaintiff has filed with his complaint an application for the Court to request *pro bono* counsel. (Doc. 4). By order dated May 13, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      The Court directs service on the defendants and directs them to comply with Local Civil Rule 33.2. For the reasons discussed below, the Court denies Plaintiff's application for the Court to request *pro bono* counsel.

## **DISCUSSION**

**A.    Application for the Court to request *pro bono* counsel**

      The factors to be considered in ruling on an indigent plaintiff's application for the Court to request *pro bono* counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See*

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor [that] command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

## B. Service on the defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants with the complaint until 90 days after the date that summonses are issued for the defendants. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for the defendants. The Clerk of Court is further instructed to issue summonses for the defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[2]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. (Doc. 4).

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants, (2) complete USM-285 forms with the service addresses for the defendants, and (3) deliver all documents necessary to effect service of summonses and the complaint on the defendants to the U.S. Marshals Service.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: White Plains, New York
       May 17, 2021

                                       PHILIP M. HALPERN
                                       United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Eric Gutwein, Hearing Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Correction Officer Morel
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010